# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAVON DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1922** |
| **LAFOURCHE PARISH CRIMINAL COMPLEX, ET AL** | **SECTION "D"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.    Complaint (ECF No. 1)

Plaintiff Javon Davis ("Davis"), is an inmate housed in the Lafourche Parish Criminal Complex in Thibodeaux, Louisiana.  ECF No. 1, ¶III(a), at 2.  Davis filed this *pro se* and *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 against defendants Deputy Alex, the Lafourche Parish Correctional Complex ("LPCC"), and Lafourche Parish Sheriff Craig Webber.  *Id*. at 1; *id*., ¶III(b), at 3.  Davis alleges that, at around 8:30 a.m. on March 22, 2024, he was playing basketball at the jail when he became very overheated and dehydrated.  *Id*., ¶IV, at 3.  He claims that other inmates notified the guards.  Deputy Alex arrived and inmates told him what happened and that he needed to call medical personnel.  The Deputy moved everyone away and told them that he knew what he was doing.  He administered "several doses" of Narcan to Davis.  *Id*.  Davis claims that his heart began to race and it felt like it would burst.

He stated that he was taken to the hospital and diagnosed with severe hydration.  He was given a drug test which was negative, and the medical unit cleared him of any wrongdoing.  As relief, he seeks $1.5 million for damages and suffering and for Deputy Alex to be fired.  *Id*., ¶V, at 4.

## II.    Standards for Frivolousness Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).  Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

III.    **Discussion**

A.    **LPCC is Not a Proper Defendant**

Davis named the LPCC as a defendant in the caption of his complaint.  A plaintiff bringing a § 1983 complaint is required to identify both a constitutional violation and the responsible person acting under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).  The LPCC, however, is not recognized as a "person" within the meaning of § 1983.  *See Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (Order adopting attached Report and Recommendation).

In Louisiana, a jail facility is not an entity "legally empowered to do" anything independent of either the responsible parish officials or the parish sheriff.  *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994).  Because a jail is not a juridical entity under state law, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 . . ." and jails "are not persons for purposes of suit under Section 1983 as the statute and case law define that term."  *Douglas*, 567 F. Supp. 2d at 892; *see* Fed. R. Civ. P. 17(b).  As one division of this Court has noted, a parish jail is "not an entity, but a building."  *See Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Parish Sheriff's Office Prison*, No. 15-0746, 2015 WL 4755174, at *1 (E.D. La. Aug. 10, 2015).

Consequently, Davis's claims against the LPCC should be dismissed under 28 U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

B.    **Claims Against Sheriff Webber**

Davis does not state any claims against or provide a specific factual basis for naming Sheriff Webber as a defendant.  A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists

between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). Davis does not allege that the Sheriff was present for or involved in the incident with Deputy Alex. Without some direct involvement in the alleged inadequate medical care by Deputy Alex, Davis has failed to state a claim or basis for the Sheriff to held liable under § 1983.

In addition, the Sheriff cannot be held responsible pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also, Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). A supervisory official may be held liable for his subordinates' actions only if the named official issued an order or implemented an unconstitutional policy that causally resulted in plaintiff's injury. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988). Davis has not alleged any such level of involvement or liability against the Sheriff.

Therefore, Davis's claims, if any, against Sheriff Webber must be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

C.    **Claims Against Deputy Alex**

Davis named Deputy Alex as a defendant claiming that the Deputy improperly administered Narcan to him rather than wait for medical personnel. Davis has not alleged that Deputy Alex's actions, the Deputy's presumption that there was a possible drug overdose, or the subsequent treatment with Narcan amount to more than negligence to be a constitutional violation.

4

Whether brought by a pretrial detainee or convicted inmate, inadequate medical care occurs only when the conduct by prison personnel or medical staff amounts to "deliberate indifference to [the prisoner's] serious medical needs" that "constitutes the 'unnecessary and wanton infliction of pain.'"  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required."  *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006); *Lewis v. Evans*, 40 F. App'x 263, 264 (5th Cir. 2011).  A prison official is deliberately indifferent if he or she has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk.  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Deliberate indifference is manifested in the provider's intentional denial of medical care or intentional interference with the treatment once prescribed.  *Id.* at 847.  To state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.  *Id.*  A plaintiff must establish deliberate indifference by showing that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Alderson v. Concordia Parish Corr'l Facility*, 848 F.3d 415, 422 (5th Cir. 2017).

Davis claims that he was incorrectly treated by Deputy Alex with Narcan when he was only dehydrated.  He does not, however, allege that Deputy Alex acted with intentional or deliberate indifference in administering Narcan under the emergency circumstances he describes in his complaint.  Davis's allegations about Deputy Alex response and treatment do not demonstrate or constitute deliberate indifference.  *See Estelle*, 429 U.S. at 107.  Even if Deputy Alex could have taken a different action and waited for medical personnel, his failure to do so was

mere negligence, which is insufficient to state a claim of deliberate indifference or violation of a constitutional right.  *See Id.*, 429 U.S. at 106; *Gibson v. Collier*, 920 F.3d 212, 219-20 (5th Cir. 2019); *See Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019) ("Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'").

In addition, Davis's disagreement with Deputy Alex's decision to administer Narcan, rather than some other treatment, is not a basis for liability under the Eighth Amendment.  *Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019); *Gobert*, 463 F.3d at 346; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (mere disagreement with medical treatment is insufficient to state a claim of deliberate indifference).  Further, when the basis for administering medical care is dictated by the legitimate security interests of the prison, the Constitution is not violated even if the inmate would have refused the treatment.  *Knight*, 942 F.3d  at 343 (citing *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006)).  Davis has failed to state a non-frivolous claim of medical indifference against Deputy Alex.

Therefore, Davis's claims against Deputy Alex should be dismissed under 28 U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff Javon Davis's 42 U.S.C. § 1983 claims against defendants Lafourche Parish Correctional Complex, Sheriff Webber, and Deputy Alex be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this <u>30th</u> day of September, 2024.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.